
# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

JEFF ROBERT

            Plaintiff,            Case No. 16-

vs.                                  Hon.

CITY OF DETROIT

            Defendant.

_____/

DANIEL G. ROMANO (P49117)
STANLEY I. OKOLI (P73722)
Attorneys for Plaintiffs
23880 Woodward Ave,
Pleasant Ridge, MI 48069
248-750-0270 / fax 248-936-2105
_____/

*There is no other pending or resolved civil action in existence between these parties or other parties arising out of the transaction or occurrence alleged in this Complaint.*

### COMPLAINT & DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, JEFF ROBERT, by and through her attorneys, ROMANO LAW PLLC, and Complaining against the aforementioned Defendants, would aver unto this Honorable Court as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jeff Robert (hereinafter "the Plaintiff") was a resident of the County of Macomb, City of Clinton Township and State of Michigan at the pertinent times.

2. The City of Detroit is a municipality within the State of Michigan.

1

3. Jurisdiction belongs to this Honorable Court pursuant to 28 U.S.C. § 1331 as pertains to federal questions posed by 42 U.S.C. § 1983 claims as brought in this instance by Plaintiff.

4. This Honorable Court maintains jurisdiction over Plaintiff's state claims pursuant to the Federal Rule of Civil Procedure 18 and 28 U.S.C. §1367 as codifies supplemental jurisdiction or, previously, pendent jurisdiction as was articulated in *United Mine Workers of America v. Gibbs*, 383 US 715 (1966).

5. Venue is proper in the United States District Court for the Eastern District of Michigan as the locus within which the entirety of the events complained of transpired.

## GENERAL ALLEGATIONS

6. At the relevant times, the Plaintiff was – and continues to be – a City of Detroit police officer.

7. Around December, 2014, the Plaintiff taught at the police academy.

8. One evening, the Plaintiff agreed to take a Kimberly Buckner – a female graduate from the academy – home because she did not have any available transportation.

9. En route, the Plaintiff's motorcycle hit a curve, depositing both he and the Buckner on the road, where they slid.

10. The Plaintiff asked his passenger twice if she was okay, and she affirmed that she was all right.

11. He both called and texted his supervisor right away from the scene of the accident.

12. The female graduate made other arrangements, and was picked up by another vehicle.

13. The Plaintiff could not remain at the accident location since there were no street lights and it was a deserted and lonely area.

14. He drove to the abandoned 3rd precinct, and parked the bike there, since the shifter was bent.

15. The Plaintiff was then retrieved by his wife.

16. About midday the next day, Clinton Township police officers first arrived at the Plaintiff's house – to establish jurisdiction – and then City of Detroit police officers arrived and arrested the Plaintiff.

17. The Plaintiff was then transported to the Detroit Detention Center; a standalone facility for prisoners.

18. There, he was told that he had been arrested for a misdemeanor traffic offense for leaving the scene of the accident, despite the fact that he Plaintiff would have voluntarily presented himself had he been asked.

19. The Plaintiff was processed, asked if he needed a lawyer, given some advice forms, and then released on a personal bond thereafter, having spent a few minutes in jail.

20. The Plaintiff was then suspended with pay; nonetheless he lost significant income, since he could not obtain secondary employment as he was accustomed to, where such jobs are obtained through and because of his position as a police officer.

21. The Plaintiff's calls to the police chief were ignored.

22. The Plaintiff was eventually recalled, but was removed from the academy, and reprimanded for allegedly not notifying a supervisor of the accident.

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

23. The charges were dropped.

24. The incident has had an adverse impact on the Plaintiff at his place of employment.

25. That as a direct and proximate result of the wrongful acts of Defendants which inflicted such grievous injuries upon Plaintiff, she:

    a. Suffered shock, emotional damages and anxiety;

    b. Was hampered in his enjoyment of life;

    c. Lost income;

    d. Was so affected that Xanax was prescribed

26. The amount in controversy exceeds Seventy-Five Thousand Dollars and is otherwise within the jurisdiction of this court.

### COUNT I
### 42 U.S.C. § 1983

27. Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein

28. That 42 U.S.C. § 1983 ascribes civil liability for the deprivation of any rights, privileges and immunities vouchsafed by the U.S. Constitution and all laws of the United States and the State of Michigan.

29. That at times relevant to the events herein complained of, the Defendants were acting under color of law and scope of the authority vested in them as police officers.

30. That at all times material herein, Defendant-Officers deprived Plaintiff of his rights, privileges and immunities vouchsafed by the Constitution of the United States, and specifically by its Fourth and Fourteenth Amendments.

**WHEREFORE**, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

### COUNT II

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

32. That the Plaintiff – himself a police officer – suffered the indignity and inconvenience of being arrested in his own home.

33. That Defendants exhibited extreme and outrageous conduct towards Plaintiff including by brutalizing her in public with no justification.

34. The amount in controversy exceeds Seventy-Five Thousand Dollars and is otherwise within the jurisdiction of this court.

**WHEREFORE**, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

LAW OFFICES
ROMANO LAW, PLLC • Pleasant Ridge, Michigan 48069 • (248) 750-0270
23880 Woodward Avenue

**COUNT III – FALSE ARREST**

35. Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

36. That the defendant-officers falsely detained the Plaintiff, which arrest was effectuated without legal justification.

37. That the defendant-officers arrested Plaintiff in the absence of probable cause to do so.

**WHEREFORE**, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

**COUNT IV – FALSE IMPRISONMENT**

38. Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

39. That by reason of the wrongful acts of the defendant-officers, Plaintiff was falsely detained.

40. That Plaintiff's imprisonment occurred in the absence of probable cause.

**WHEREFORE**, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

**COUNT V – MALICIOUS PROSECUTION**

41. Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

42. That the defendant-officers unjustifiably caused Plaintiff to be charged with a baseless offence of leaving the scene of an accident.

43. That the aforesaid charge was maliciously brought against Plaintiff in the absence of legal justification or probable cause.

                                      Respectfully submitted,

By:    */s/ Stanley I. Okoli*
       DANIEL G. ROMANO (P49117)
       STANLEY I. OKOLI (P73722)
       **ROMANO LAW, P.L.L.C.**
       Attorneys for Plaintiff
       23880 Woodward Avenue
       Pleasant Ridge, MI  48069
       (248) 750-0270
       dromano@romanolawpllc.com

Dated: July 27, 2016      sokoli@romanolawpllc.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

JEFF ROBERT

           Plaintiff,           Case No. 16-

vs.                               Hon.

THE CITY OF DETROIT

           Defendant.

_____/

DANIEL G. ROMANO (P49117)
STANLEY I. OKOLI (P73722)
Attorneys for Plaintiffs
23880 Woodward Ave,
Pleasant Ridge, MI 48069
248-750-0270 / fax 248-936-2105
_____/

**DEMAND FOR JURY TRIAL**

**INTO COURT, NOW COMES** Plaintiff, by and through his attorneys, ROMANO LAW PLLC, and hereby formally requests for a trial by a jury of the facts and issues presented in the aforesaid causes of action.

                                                                   By:    */s/ Stanley I. Okoli*
                                                                          DANIEL G. ROMANO (P49117)
                                                                          STANLEY I. OKOLI (P73722)
                                                                          **ROMANO LAW, P.L.L.C.**
                                                                          Attorneys for Plaintiff
                                                                          23880 Woodward Avenue
                                                                          Pleasant Ridge, MI  48069
                                                                          (248) 750-0270
                                                                          dromano@romanolawpllc.com

Dated: July 27, 2016                          sokoli@romanolawpllc.com

LAW OFFICES
**ROMANO LAW, PLLC**  •  Pleasant Ridge, Michigan 48069  •  (248) 750-0270
23880 Woodward Avenue