UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFF ROBERT,

    Plaintiff,

    v.

CITY OF DETROIT,

    Defendant.
_____/

Case No. 16-cv-12778

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [#32]

### I. INTRODUCTION

Plaintiff Jeff Robert is a detective employed by the Defendant, City of Detroit. Plaintiff brought action against Defendant for false arrest, malicious prosecution, and various state claims. Defendant filed a Motion for Summary Judgment, which this Court granted on July 2, 2018. This Court dismissed Plaintiff's complaint, but allowed Plaintiff to file a motion for leave to amend. Pending before this Court is Plaintiff's Motion for Leave to Amend Complaint. For the reasons discussed below, this Court will deny Plaintiff's Motion.

### II. FACTUAL BACKGROUND

On the night of April 18, 2015, Plaintiff was involved in a motorcycle accident with a Student Police Officer. Dkt. No. 28-1, pg. 8–9 (Pg. ID 300–01). On

1

the morning of April 18, 2015, Defendant arrested Plaintiff for leaving the scene of the injury accident. *Id.* at pg. 12 (Pg. ID 304). That same day, Defendant suspended Plaintiff with pay pending an internal investigation into the accident. *See* Dkt. No. 26-3, pg. 8 (Pg. ID 249). Defendant did not present Plaintiff with criminal charges for allegedly leaving the scene of the accident. *Id.* at pg. 11 (Pg. ID 252). Rather, Defendant charged Plaintiff with Neglect of Duty in violation of the Detroit Police Department Manuel Series 100. Dkt. No. 28-2, pg. 2 (Pg. ID 310). Plaintiff returned to work in August of 2015. Dkt. No. 28-1, pg. 12 (Pg. ID 304). Plaintiff alleges that during his suspension, he was unable to work in secondary employment[1] and earn overtime. Dkt. No. 28-1, pg. 12 (Pg. ID 304).

On July 27, 2016, Plaintiff filed his complaint against the City of Detroit. Dkt. No. 1. Plaintiff alleged false arrest, false imprisonment, and malicious prosecution under 42 U.S.C. § 1983. *Id.* at pgs. 4–8 (Pg. ID 4–8).[2] Plaintiff also alleged a state law claim of intentional infliction of emotional distress. *Id.* at pg. 5 (Pg. ID 5). On July 27, 2017, Defendant filed its first Motion for Summary Judgment—three months after the dispositive motion cutoff date. Dkt. No. 15. The

---

[1] Secondary employment is when police officers work as security for various vendors located in the City. Dkt. No. 28-1, pg. 12 (Pg. ID 304).
[2] It is unclear from Plaintiff's initial complaint whether Plaintiff asserted both federal and state claims of false arrest, false imprisonment, and malicious prosecution. Therefore, this Court presumes that Plaintiff' brought both federal and state claims for these counts.

parties thereafter entered into settlement agreements and agreed upon a settlement amount that the Detroit City Council rejected. After settlement negotiations failed, this Court struck Defendant's first Motion without prejudice on March 30, 2018. Dkt. No. 25. On April 26, 2018, Defendant re-filed its Motion for Summary Judgment. Dkt. No. 26. Plaintiff filed his response opposing the Motion on May 17, 2018. Dkt. No. 28. Plaintiff's response requested leave to amend the complaint should the Court grant Defendant's Motion for Summary Judgment. *Id.* at pg. 14 (Pg. ID 291). Defendant did not file a reply. On July 2, 2018, this Court granted Defendant's Motion for Summary Judgment. Dkt. No. 31. However, this Court allowed Plaintiff to file a motion for leave to amend in its July 2, 2018 Opinion and Order. *See id.* On July 9, 2018, Plaintiff filed the present Motion for Leave to Amend Complaint. Dkt. No. 32. Defendant filed its Response opposing the motion for futility on July 20, 2018. Dkt. No. 33. Plaintiff did not file a reply.

### III. LEGAL STANDARD

Amendments to pleadings are governed by Fed. R. Civ. P. 15(a). Under this rule, leave to amend pleadings "shall be freely given when justice so requires." "[D]istrict courts have discretion to permit or deny an amendment after a defendant files an answer to a plaintiff's complaint . . . ." *U.S. ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, No. 15-4406, 2016 WL 6832974, at *7 (6th Cir. Nov. 21, 2016) (citing *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir.

1990)). Despite the trial court's discretion, "[t]he thrust of Rule 15 is . . . that cases should be tried on their merits rather than the technicalities of pleadings." *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)).

The United States Court of Appeals for the Sixth Circuit has identified factors that this Court must consider in determining whether to allow an amendment. These factors are: undue delay in filing, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment. *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### IV. DISCUSSION

Plaintiff requests leave to amend in order to name individual defendants. Dkt. No. 32, pg. 5 (Pg. ID 352). Plaintiff wishes to name the following individuals: Captain Darin Szilagy, who canvassed the scene of the motorcycle accident; Lieutenant Kelly Fitzgerald, who ordered the preliminary investigation of the accident; Sergeant Steven Peil, who made the recommendation to suspend Plaintiff; and three John Doe officers who made the alleged unconstitutional arrest of Plaintiff. *Id.* Defendant objects to an amendment, stating that any amendment would be futile. Dkt. No. 33, pg. 1–2 (Pg. ID 354–55). Defendant asserts that naming individual defendants does not establish *Monell* liability. *Id.* at pg. 1 (Pg.

ID 354). Further, Defendant argues that the three-year statute of limitations period for claims brought under 42 U.S.C. § 1983 has expired. *Id.* at pg. 2 (Pg. ID 355).

A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *U.S. ex rel Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 440 (6th Cir. 2016).

Here, Plaintiff requests leave in order to assert his claims against the individual defendants. Plaintiff's initial complaint brought federal claims of false arrest and malicious prosecution. As this Court previously held, Plaintiff's malicious prosecution claim is without merit because there was no prosecution initiated against Plaintiff. Dkt. No. 31, pg. 14–15 (Pg. ID 344–45). Thus, any amendment to name individual defendants in a federal malicious prosecution count would be futile. This Court will deny leave for Plaintiff to name individual defendants in his malicious prosecution count.

Plaintiff's false arrest claim establishes a genuine dispute about whether Defendant had probable cause to arrest Plaintiff. Dkt. No. 31, pg. 13 (Pg. ID 343). This Court dismissed Plaintiff's false arrest claim against Defendant, City of Detroit, because Plaintiff could not establish *Monell* liability. *Id.* However, this Court noted in its July 2, 2018 Opinion and Order that there exists a genuine dispute of fact about whether Defendant had probable cause to arrest Plaintiff. Dkt.

No. 31, pg. 13 (Pg. ID 343). Accordingly, Plaintiff's false arrest claim against individual defendants would have merit. However, the statute of limitations has run on Plaintiff's federal false arrest claim. The statute of limitations for § 1983 claims in Michigan is three years. *See Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997) (holding that "the proper limitations period for a § 1983 action is the limitations period for personal injury actions in the state in which the § 1983 claim arises."); *see also Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (holding "the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims."). Further, "[t]ypically the statute of limitations for filing an action alleging an unconstitutional search and seizure begins to run at the time of the injury, when the plaintiff becomes aware of the unconstitutional action." *Wolfe*, 412 F.3d at 714.

Plaintiff's false arrest claim alleges an unconstitutional seizure. Therefore, under *Wolfe*, his cause of action accrued at the time of his alleged false arrest. The actions that gave rise to Plaintiff's false arrest claim occurred in April of 2015—more than three years ago. Therefore, the statute of limitations has run on Plaintiff's federal false arrest claim. Any amendment that Plaintiff would bring to add new defendants in this count would be futile. Therefore, this Court must deny leave to add defendants to Plaintiff's false arrest count because amendment would be futile.

This Court will deny leave for Plaintiff to add defendants to his 42 U.S.C. § 1983 claims of malicious prosecution and false arrest because amendment would be futile. As Plaintiff's federal claims would be futile, this Court will deny leave to add defendants to Plaintiff's state claims for lack of jurisdiction.

## V. Conclusion

For the reasons discussed herein, the Court will deny Plaintiff's Motion.

SO ORDERED.

Dated: August 15, 2018

<u>s/Gershwin A. Drain</u>
Hon. Gershwin A. Drain
United States District Court Judge